**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

MATTHEW VAN CITTERS, on behalf of himself and others similarly situated,

Plaintiff,

v.

PREMIER RARE COINS LLC,

Defendant.

Case No.

# CLASS ACTION COMPLAINT

Plaintiff Matthew Van Citters (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of

intrusive, nuisance calls to their homes from telemarketers" *Id.* § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *Id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See Id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*...This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have

suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Plaintiff bring this action to enforce the consumer-privacy provisions of the TCPA alleging that Premier Rare Coins, LLC ("Defendant") violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not Call Registry without their written consent, by calling those who had specifically asked Defendant not to be contacted, and by making telemarketing calls without the accurate provision of Caller ID Name (CNAM).

4. The Plaintiff also brings this action under Georgia state law.

5. Georgia's Telephone Solicitations Act (O.C.G.A. § 46-5-27 et seq.) ("GTSA") regulates telemarketing and prohibits calls to Georgia residents on the state or national DNC list.

6. Because telemarketing campaigns typically use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

7. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and GTSA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

8. Plaintiff is a natural person who at all relevant times resided in this District.

9. Defendant is a limited liability company headquartered in West Palm Beach, Palm Beach County, Florida.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. The Court also has supplemental jurisdiction over the GTSA claims because they are based on the same telemarketing calls at issue.

11. The Court has specific personal jurisdiction because the Defendant made the telemarketing calls at issue into this District.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the telemarketing calls that are the subject of this lawsuit were received in this District.

## BACKGROUND

13. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

14. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

15. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

The TCPA Also Requires Telemarketers to Transmit Caller Identification Information Including the Telemarketer's Name.

17. The TCPA requires any "person or entity that engages in telemarketing" to "transmit caller identification information." 47 C.F.R. § 64.1601(e).

18. The relevant regulation defines "caller identification information" as "either CPN or ANI, and, when available by the telemarketer's carrier, the name of the telemarketer." 47 C.F.R. § 64.1601(e)(1).

19. A violation of this subsection of the TCPA is enforceable under the private right of action provided for under 47 U.S.C. § 227(c)(5)'s private right of action. *Dobronski v. Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025).

<u>The Georgia Telephone Solicitations Act</u>

20. In addition to the federal protections afforded by the Telephone Consumer Protection Act, Georgia has enacted its own laws regulating telephone solicitations.

21. The Georgia Telephone Solicitations Act, O.C.G.A. § 46-5-27, was adopted to protect Georgia residents from unwanted, harassing, and intrusive sales calls.

22. The statute makes it unlawful for any person or entity to make a telephone solicitation to a residential, wireless, or mobile telephone subscriber in Georgia who has registered their number on the National Do Not Call Registry or the Georgia Do Not Call List. O.C.G.A. § 46-5-27(c).

23. The Georgia statute expressly incorporates the National Do Not Call Registry, ensuring that numbers listed on the national list are protected from telemarketing calls in Georgia.

24. Like the TCPA, the Georgia law provides a private right of action. A consumer may bring an action to enjoin further violations and to recover statutory

damages of $1,000 for each violation, in addition to attorney's fees and costs, where applicable.

## FACTUAL ALLEGATIONS

25. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

26. Plaintiff's telephone number, (818) XXX-XXXX, is a non-commercial cellular telephone number.

27. Plaintiff uses the telephone number for personal, residential, and household purposes.

28. Plaintiff has never been a customer of Defendant's.

29. Plaintiff uses his cell phone primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes.

30. Plaintiff's telephone number has been registered on the National Do Not Call Registry since October 10, 2020.

31. Despite that, Plaintiff received at least seven voice calls from Defendant from at least July 20, 2026 to September 22, 2026.

32. The calls came from two different telephone numbers, (415) 594-1423 and (213) 550-2008.

33. On August 21, 2026, Defendant called Plaintiff from (213) 550-2008.

34. On September 4, 2026, Plaintiff received another call from Defendant from telephone number (213) 550-2008.

35. On September 15, 2026, Plaintiff received another call from (415) 594-1423.

36. In an effort to further identify Defendant's company, on September 28, Plaintiff called both of these telephone numbers back. The Plaintiff was connected with "Mark," who stated that the purpose of the calls was to see if the Plaintiff was interested in purchasing a Morgan Silver Dollar.

37. In order to verify further that Mark was truly affiliated with the Defendant, on October 13, 2026, Plaintiff called the official Premier Rare Coins telephone number, (561) 797-6164, listed in connection with its website, and asked to speak to Mark.

38. Later that same day, Plaintiff received a missed call from Mark, who left a voicemail confirming that he was calling from Premier Rare Coins, which such voice was the same as on the September 28 call.

39. The calls all transmitted the caller IDs as follows. Counsel for the Plaintiff has access to "dip" the Caller ID database of the calling carrier to ascertain the CNAM information to ascertain (1) whether caller name delivery (CNAM) is available with the Defendant's calling carrier, and (2) whether such CNAM

information contained the name of the telemarketer. The results of the dips are as follows:

| Number | CNAM Avail? | CNAM Result | Carrier of Record |
|---|---|---|---|
| 415-594-1423 | Y | SAN FRANCSCO C | IP Horizon |
| 213-550-2008 | Y | LOS ANGELES CA | IP Horizon |

40. As the aforementioned chart shows, the CNAM transmitted by the telephone carriers provided inaccurate or CNAM functionality, which did not transmit the caller's name.

41. IP Horizon provides the ability to set the CNAM result accurately to reflect a caller's own name as desired, but if the customer does not elect such a CNAM, their default CNAM customer setting is to transmit something other than the caller's name, usually a generic designator.

42. Each of the calls were therefore sent without accurate, functioning caller identification name information being transmitted or made available to the recipient.

43. The purpose of the calls was to solicit the Defendant's business.

44. Plaintiff never consented or requested to receive calls from Defendant.

45. The aforementioned calls to Plaintiff were unwanted.

46. The calls were nonconsensual encounters.

47. These calls qualified as telemarketing. 47 C.F.R. § 64.1200(f)(12).

48. Plaintiff is a resident of Georgia.

49. The calls were received by Plaintiff in Georgia.

50. Defendant's calls violated O.C.G.A. § 46-5-27 because Plaintiff's number was registered on the National Do Not Call Registry, which Georgia law adopts.

51. Plaintiff's privacy has been violated by the above-described telemarketing calls.

52. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, and their privacy was improperly invaded. Furthermore, the calls unnecessarily used battery life, storage space, bandwidth, and wear and tear.

53. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

## CLASS ACTION ALLEGATIONS

54. Plaintiff seeks certification of the following classes ("the Classes") pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3):

> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) residential telephone numbers

were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

> **GTSA Subclass:** All persons in the State of Georgia (1) whose telephone numbers were on the National Do Not Call Registry and/or the Georgia Do Not Call List for at least 31 days, (2) but who nevertheless received one or more telemarketing calls from or on behalf of Defendant, (3) within a 12-month period, (4) from the four years prior to the filing of the complaint through the date of trial.

**Telemarketing Caller ID Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls or text messages in a 12-month period, (3) which either (a) did not transmit caller identification information that included either CPN or ANI and the Defendant's or telemarketer's name, (b) did not transmit a valid CPN or ANI at all, and/or (c) transmitted a CPN or ANI that would not have allowed an individual to make a do not call request during regular business hours, (4) within the four years prior to the filing of the Complaint.

55. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any of the Class members.

56. Excluded from the Classes are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

57. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

58. This Class Action Complaint seeks injunctive relief and money damages.

59. The Classes as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

60. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

61. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

62. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

63. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

64. There are numerous questions of law and fact common to Plaintiff and to the proposed Class including, but not limited to, the following:

a. Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

b. whether Defendant made multiple calls to Plaintiff and members of the GTSA Subclass;

c. whether Defendant transmitted its CPN or ANI, and whether that CPN or ANI would have allowed a called party to lodge a do not call request during regular business hours;

d. Whether Defendant's conduct constitutes a violation of the TCPA; and

e. Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

65. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

66. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

67. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

68. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

69. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**COUNT I**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

70. Plaintiff repeats and incorporates the allegations set forth in the prior paragraphs as if fully set forth herein.

71. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

72. The Defendant's violations were negligent, willful, or knowing.

73. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

74. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## COUNT II
**Violation of the Georgia Telephone Solicitations Act**
**(O.C.G.A. § 46-5-27 et seq.)**
**(On Behalf of Plaintiff and the Georgia Subclass)**

75. Plaintiff repeats and incorporates the allegations set forth in the prior paragraphs as if fully set forth herein.

76. Georgia law prohibits the making of telephone solicitations to any residential, wireless, or mobile telephone subscriber in Georgia whose number is included on the National Do Not Call Registry or the Georgia Do Not Call List. O.C.G.A. § 46-5-27(c).

77. At all relevant times, Plaintiff's telephone number, (818) XXX-XXXX, was listed on the National Do Not Call Registry, and Plaintiff is a Georgia resident entitled to the protections of O.C.G.A. § 46-5-27.

78. Despite these protections, Defendant and/or its affiliates, agents, or other persons or entities acting on Defendant's behalf made multiple unsolicited telephone solicitations to Plaintiff and members of the Georgia Subclass.

79. Each such telephone solicitation was made without Plaintiff's or Subclass members' prior express consent, and in violation of Georgia law.

80. Defendant's violations of O.C.G.A. § 46-5-27 were willful and knowing, as evidenced by (a) the repeated nature of the calls despite Plaintiff's number being on the National Do Not Call Registry.

81. Pursuant to O.C.G.A. § 46-5-27, Plaintiff and the Georgia Subclass are entitled to recover injunctive relief, statutory damages of $1,000 per violation, and reasonable attorney's fees and costs.

82. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**COUNT III**
**Violations of the TCPA, 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the Telemarketing Caller ID Class)**

83. It is a violation of the TCPA to make a telemarketing call without the transmission of caller identification information including either a seller or its telemarketer's CPN or ANI and, when available by the telemarketer's carrier, the name of the telemarketer. 47 C.F.R. § 64.1601(e)(1).

84. It is a violation of the TCPA to transmit a CPN or ANI that does not allow any individual to make a do-not-call request during regular business hours. 47 C.F.R. § 64.1601(e)(1).

85. Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf violated the TCPA by causing multiple telemarketing calls to be initiated to Plaintiff and members of the Telemarketing Caller ID Class in a 12-month period, without proving their CPN or ANI, by transmitting non-compliant Caller ID that did not transmit the caller's name, and/or by providing a CPN or ANI that did not allow any individual to make a do-not-call request during regular business hours.

86. These violations were willful or knowing.

87. As a result of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA's telemarketing Caller ID transmission requirement, Plaintiff and members of the Telemarketing Caller ID are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

88. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry;

B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C. That the Court enter a judgment awarding Plaintiff and all subclass members statutory damages of $1,000 for each violation of the GTSA;

D. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes; and

E. Such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

DATED this 18th day of November, 2026.

*<u>/s/ Valerie Chinn</u>*
Valerie Chinn, Georgia Bar No. 248468
Attorney at Law
CHINN LAW FIRM, LLC
6000 Lynmark Way
Suite 106 #1320
Fairburn, GA 30213
Direct: 404-955-7732
Email: vchinn@chinnlawfirm.com

*Counsel for Plaintiff and the proposed class*